EDGAR L. HOLYOKE, APPELLANT, v. JAMES H. MC-MURTRY ET AL., APPELLEES.

[FILED DECEMBER 18, 1891.]

The pleadings and evidence considered, and *held* to sustain the judgment.

APPEAL from the district court for Lancaster county. Heard below before FIELD, J.

*Thomas C. Munger,* for appellant.

*J. R. Webster, contra.*

COBB, CH. J.

The plaintiff, by his petition in the court below, alleged that about the 3d day of April, 1888, and before that time, he was the owner and possessor of thirty-three shares of the capital stock of the Lancaster County Abstract Company, a corporation duly organized under the laws of this state, and doing business at Lincoln in said state, of which the plaintiff and the defendants Carrothers & McMurtry were at that time stockholders, and of which the plaintiff is and was the vice president, defendant Carrothers the secretary, and the defendant McMurtry the president. That on or about the said date the plaintiff, at the instance and request of the defendant Carrothers, sold the thirty-three shares said of stock held by him to the defendant Carrothers for the named consideration of $1,200, and for the purpose of securing the payment of the consideration (no cash being paid or other consideration being passed), the said defendant Carrothers made, executed, and delivered to the plaintiff his promissory note in writing for the sum of $1,200, payable one year from date, with interest at ten per cent, and at the same time, for the purpose of securing the payment of said promissory note for the purchase money, executed and delivered a chattel mortgage, a copy of which is set out as an exhibit, whereby he assigned to the plaintiff the undivided two-thirds interest in and to a set of abstract books operated by the said Lancaster County Abstract Company, said undivided two-thirds consisting of sixty-six shares of the capital stock of said Lancaster County Abstract Company and the undivided two-thirds interest in the books, plats, papers, and office furniture; and in said mortgage was the proviso that "this mortgage shall be subject to a mortgage given this day to J. H. McMurtry for the sum of $1,300; that the defendant McMurtry well knew of the existence and terms of the said mortgage to the plaintiff of the sixty-six shares of stock

and effects of said company by defendant Carrothers to plaintiff, and had actual knowledge of the instrument aforesaid, and of its tenor and conditions at the time of the execution and delivery thereafter; that the said instrument was also duly filed for record in the office of the county clerk of Lancaster county on the 4th day of February, 1888.

That thereafter, and on or about the month of October, 1888, the defendant McMurtry, well knowing of the existence and terms of the assignment and mortgage of the said Carrothers to the plaintiff as aforesaid, took a new instrument of assignment by defendant Carrothers to defendant McMurtry, by the execution of a chattel mortgage by defendant Carrothers to defendant McMurtry, to secure the sum of eighteen hundred dollars as evidenced by a promissory note of Carrothers, dated October 3, 1889, with interest at 10 per cent, and which said chattel mortgage was upon "the undivided two-thirds interest in and to the set of abstract books operated by the Lancaster Abstract Company, said interest consisting of sixty-six shares of the capital stock of said company." About the same time the defendant McMurtry received from the defendant Carrothers, well knowing of plaintiff's claim, the said written assignment of the said sixty-six shares of stock, and the sixty-six shares of stock were delivered into defendant McMurtry's possession, also collateral security for the payment of said note of $1,800, as above stated, which chattel mortgage and hypothecation of stock were in lieu of, and included, the original indebtedness of thirteen hundred dollars referred to in exhibit "A," the additional five hundred dollars being an additional claim in a separate account, and the defendant McMurtry accepted the new security as a merger of his former claim.

That the assignment by defendant Carrothers to plaintiff was and is a first assignment in fact and form, subject

only to the original claim of defendant McMurtry for thirteen hundred dollars as above stated, according to the terms and conditions of such first claim of defendant McMurtry.

That the defendant McMurtry, well knowing of plaintiff's rights and claims, has no right or claim in the said stock except as this excepted prior to this plaintiff's rights, and that the chattel mortgage and hypothecation of stock as collateral by defendant Carrothers to defendant McMurtry in October, 1888, after the defendant McMurtry well knew of the plaintiff's rights and claims as aforesaid, and all subject to and inferior to plaintiff's claims.

That the defendant Carrothers is wholly insolvent and he resides without the state, and plaintiff is in great danger of losing his rights, interest, and equity in said sixty-six shares of stock and his entire debt, because the defendant McMurtry is about to assign his interest in the said shares and transfer the same to an innocent purchaser, so that the plaintiff would lose his remedy against the said defendant.

That the State National Bank has, or claims to have, some interest and lien upon the said shares of stock, but what interest the plaintiff is uninformed, and therefore denies the same, and if it has any such interest alleges that it is subject and inferior to the plaintiff's, etc. With prayer for an accounting, and that the interest of the parties in the shares of stock may be determined and decreed by the court, that the plaintiff's interest in said stock might be decreed, and said stock sold subject only to the defendant McMurtry's claim of $1,300, and for an injunction, etc.

The defendant McMurtry answered said petition, in which he denied that the said plaintiff, at the time of the commencement of said action, or at any time since the 3d day of February, 1888, is or has been the vice president of said Lancaster County Abstract Company.   2. Denying that said defendant Carrothers, on said 3d day of February, 1888, or at any time, did or could by chattel mortgage as-

sign or encumber the abstract books or other property of said corporation, for that said books were the property of the corporation, and not of said Carrothers, and that by the articles of said corporation it was provided that "At no time shall said company hypothecate its property or in any way encumber the same."

The said defendant further denies that he at any time knew of the alleged attempt of the said Carrothers to mortgage the property of said incorporation, or of his interest therein, or of the stock or the interest in stock, to the said plaintiff.

Further, that in and by the articles of incorporation of the said Lancaster County Abstract Company it is expressly provided that no assignment or transfer of stock shall be valid except by transfer upon the books of the company. That on the 2d day of October, 1888, the said Carrothers, being then indebted to said defendant for the sum of $1,300, and interest thereon amounting to about $100, and being also indebted to the defendant upon an account of money loaned and advanced by said defendant to him, and in consideration of the further sum of $500 then by the defendant advanced and loaned to him, made to said defendant his promissory note of that date, and thereby promised to pay said defendant the sum of $1,800 in one year thereafter, with interest thereon at the rate of ten per cent per annum, which said indebtedness the said Carrothers secured by hypothecation and pledge to defendant of his sixty-six shares of said incorporation, and defendant denies that said sixty-six shares of stock, or any of them, had theretofore been pledged to the said plaintiff, and avers that he took and received the same of the said Carrothers in good faith, and supposing and believing that said Carrothers was owner of the same as upon the face of said certificates, and upon the record of said corporation, he appeared to be, and defendant satisfied and discharged all and every of his former claims against said Carrothers, and

made the said further loan of money, and took the said note of $1,800 payable in one year after said transaction, and received said sixty-six shares of stock as security therefor in full faith and belief that said Carrothers was the owner in his own right, as well as the holder of said sixty-six shares of stock in said corporation, and that said debt is yet in every part unpaid, and defendant claims and has lien upon said stock for said sum and interest. With prayer for judgment, and that plaintiff's action be dismissed, etc.

For a reply the plaintiff denied that the articles of incorporation of the Lancaster County Abstract Company provides, as stated in articles 5 and 6 quoted in the defendant McMurtry's answer, and alleged that articles 5 and 6 provide as follows:

"Art. 5. The affairs of this corporation shall be conducted by a board of directors, consisting of not less than three nor more than five members, who shall be stockholders, and shall be elected at the annual meeting of stockholders by a majority vote of stock present or represented at such meeting by proxy in writing, and who shall hold their offices until others are duly elected in their stead. Two-thirds of such elected directors shall constitue a quorum of the board. Such annual meetings shall be held at ——, on the first Tuesday in January, 1888, and on the 1st of January each succeeding year thereafter, at their usual place of business in the city of Lincoln, Nebraska, and until the date of such first meeting the directors shall be J. H. McMurtry, C. C. Carrothers, and E. L. Holyoke.

"Art. 6. The officers of this company shall consist of president, vice president, secretary and treasurer, who shall be elected by the board of directors from their own members at their annual meeting on the same day and date and at the same place as the annual meeting of said stockholders for the election of directors, and such officers shall hold their offices until their successors are duly elected.

The duties of such officers not otherwise fixed shall be defined by by-laws adopted by the board of directors, and until such first election the officers shall be J. H. McMurtry, president; E. L. Holyoke, vice president; and C. C. Carrothers, secretary and treasurer."

Plaintiff denied that on the said 3d day of February, 1888, by the sale and assignment of his stock to said Carrothers, his office as vice president became vacant and himself ineligible to hold said office, but alleged himself to be vice president as set forth in his petition, and that there was no election held for officers of said company up to the time of filing said petition and to the 3d day of October, 1888.

In reply to the second paragraph of defendant's answer, plaintiff alleged that the defendant Carrothers, by the instrument set out in plaintiff's petition marked "exhibit A," did encumber his interest in the property of said corporation and in his sixty-six shares of stock as therein stated.

In reply to the third paragraph of defendant McMurtry's answer, plaintiff made replication of the truth of the the statement in his petition contained of defendant McMurtry's knowledge of plaintiff's claim and denied that defendant McMurtry was ignorant of the same.

In reply to the fourth paragraph of the answer, denied that the articles of incorporation of the said Lancaster County Abstract Company, either original or amended, at any time prior to the 3d day of October, 1888, or up to this time, provide that no assignment or transfer of stock shall be valid except by transfer upon the books of said company, but alleged that no such provision was or is contained in the said articles.

Plaintiff also alleged that in regard to the additional five hundred dollars advanced, loaned, and paid to defendant Carrothers by defendant McMurtry, and the promissory note given to secure the same, and the $1,300 originally owing by defendant Carrothers to defendant

McMurtry, and as to the hypothecation and pledge by defendant Carrothers to defendant McMurtry on the 2d day of October, 1888, of defendant Carrothers' sixty-six shares of stock then in Carrothers' possession, and upon plaintiff's claims a lien and equitable mortgage as in the petition stated, that the defendant McMurtry in so taking the hypothecation and pledge of said stock did not act in good faith, but well knowing, actually and constructively, of plaintiff's rights, claims, and liens, as set forth, both as to the five hundred dollars and the thirteen hundred dollars, together making the $18,000 which said pledge and hypothecation were supposed to secure. Plaintiff admits that, as in his petition alleged, at the time of the giving of this hypothecation and pledge of stock, the defendant McMurtry satisfied and discharged all and every of his former claims against said Carrothers, and took the said note of $1,800, payable in one year after the transaction, and alleged that thereby and then the defendant McMurtry released his lien (as to the thirteen hundred dollars and interest) in the assignment, chattel mortgage, and equitable mortgage given by the said Carrothers to the said McMurtry on the 2d day of February, 1889, to secure the sum of thirteen hundred dollars and interest, and which assignment and lien and claim upon said stock was excepted in the like assignment lien claim given by defendant Carrothers to plaintiff the same day (a copy of which is attached to the plaintiff's petition, marked exhibit "A"), and by the admission and confession of defendant McMurtry in the fourth paragraph of his answer contained, and now admitted and accepted by this plaintiff, that plaintiff's claim become and was and remains a first and prior lien upon said sixty-six shares of stock, and also the other property and interest mentioned in exhibit and there set forth more fully, becoming such first and prior lien from the time of such release, discharge, and satisfaction. With prayer that plaintiff might be adjudged and decreed to have a good and prior

and first lien upon and right to hold said sixty-six shares of capital stock, and that the court might order the said defendant to deliver up the said stock to be sold to secure the plaintiff's lien as in his petition set forth, and for the interests of the other parties to this suit to be declared, and for costs against the defendant, and for general relief.

Judgment by default was taken against the defendant Carrothers. The defendant bank neither answered nor was defaulted. The cause was tried to the court without a jury, which made the following findings and entered the following judgment:

"The court, upon consideration, finds that upon February 3, 1888, the plaintiff was the owner of thirty-three shares of the capital stock of the Lancaster County Abstract Company, a corporation duly organized under the laws of Nebraska; that upon that day, February 3, 1888, the plaintiff sold and transferred to the defendant Charles C. Carrothers, for the consideration of $1,200, due in one year, with interest at the rate of ten per cent, and that to secure said $1,200 the said Carrothers executed to the plaintiff a chattel mortgage upon sixty-six shares of said stock, being the thirty-three shares purchased from said plaintiff and thirty-three other shares originally owned by said Carrothers; said mortgage was given subject to a mortgage of the same date upon the same shares of stock for the sum of $1,300, to J. H. McMurtry, defendant herein; said chattel mortgage to plaintiff was duly filed for record, February 4, 1888, in the county clerk's office of Lancaster county; that on October 2, 1888, defendant Carrothers executed a new note to the defendant McMurtry for the sum of $1,800, being made up of the $1,300 named in the mortgage to the plaintiff as due to McMurtry, and $500 further advanced money; that to secure this $1,800 note the defendant Carrothers, on said October, 2, 1888, duly transferred and assigned to said McMurtry as collateral security the sixty-six shares of stock named in the chattel mortgage to the

plaintiff; that upon October 2, 1888, the defendant Mc-Murtry had knowledge that the plaintiff claimed a one-third interest in the corporation, and had such further knowledge of the affairs of the corporation that he took said sixty-six shares of stock as collateral security subject to all the equities and claims of the plaintiff in and to said stock. The court finds the chattel mortgage upon the stock not such an instrument as to entitle it to record as a chattel mortgage, and that the filing of the same gave no constructive notice of such mortgage to any one.

"The court further finds the chattel mortgage upon the sixty-six shares of stock, from the defendant Carrothers to the plaintiff, a valid instrument and binding between the plaintiff and said defendant Carrothers and all persons having actual knowledge of its existence.

"The court further finds that the defendant, James H. McMurtry, has a first lien upon the sixty-six shares of stock in the said Lancaster County Abstract Company, for the sum of $1,300, with interest from February 3, 1888, at ten per cent, to-wit, $1,562. That the plaintiff has a second lien upon said sixty-six shares of stock for the sum of $1,200 with interest at ten per cent from February 3, 1888, to-wit, $1,442. It is therefore considered and adjudged by the court that in case the defendant Charles C. Carrothers shall fail for the space of twenty days from the entry of this decree to pay (1) to the defendant James H. McMurtry the said sum of one thousand five hundred and sixty-two dollars, with interest thereon at the rate of ten per cent per annum until paid, and (2) to the plaintiff Edgar L. Holyoke the said sum of one thousand four hundred and forty-two dollars, with interest thereon at the rate of ten per cent per annum from this date until paid, and (3) to the clerk of this court the costs of this action, taxed at $33.25, that said property, to-wit, sixty-six shares of the capital stock of the Lancaster County Abstract Company, a corporation organized under the laws of this

state, shall be sold; and an order of sale shall issue to the sheriff of Lancaster county commanding him to sell said shares as upon execution and bring the proceeds thereof into court, to be applied in satisfaction of the sums so found due in the order of their priority as heretofore found and the costs of this action upon the confirmation of said sale.

"And it is further ordered that plaintiff recover from defendant McMurtry the costs of this proceeding, taxed at $33.25."

The cause comes to this court on appeal. The finding of the court that the defendant McMurtry, at the time of the taking by him of the security, hypothecation, and pledge of the said sixty-six shares of stock from the said defendant Carrothers, for the note of $1,800 under which he claims the first lien upon said shares, "had knowledge that the plaintiff claimed a one-third interest in the corporation, and had such further knowledge of the affairs of the corporation that he took said sixty-six shares of stock as collateral security subject to all the equities and claims of the plaintiff in and to said stock," relieves this court of the task of examining the evidence, the said finding not being complained of by the defendant. We are also relieved of the otherwise doubtful question presented by the next finding of the district court, "that the chattel mortgage upon the stock is not such an instrument as is entitled to record as a chattel mortgage, and that the filing of the same gave no constructive notice of such mortgage to anyone." Constructive notice is of no importance where the party to be charged therewith has actual knowledge of the fact.

The further finding of the court that the defendant McMurtry has a first lien upon the sixty-six shares of stock for the amount of his first or original debt and interest, is doubtless based upon the pleadings rather than upon the evidence.

The action of the plaintiff appears to have been brought, and his petition framed, upon the theory that the plaintiff

was only entitled to a lien upon the said shares of stock and a two-thirds interest in the books and furniture of the said corporation, subject to the prior lien of the defendant McMurtry upon the said shares of stock and property for the sum of $1,400. And in his prayer for relief he expressly gave and conceded preference to said McMurtry's claim to that amount. It is true. that in his reply the plaintiff claimed, and at considerable length pressed his right, to be preferred to any claim of McMurtry. The case is somewhat embarrassed by the admission of the defendant McMurtry in his answer that on the 2d day of October, 1888, when the said "Carrothers secured by hypothecation and pledge to this defendant of his sixty-six shares of stock, etc., defendant satisfied and discharged all and every of his former claims against the said Carrothers." Aside from this admission it is evident from the pleadings and evidence that the pledge or hypothecation of the date of October 2, 1888, was the first express arrangement between McMurtry and Carrothers for the security of the former upon the shares of stock of the latter, yet it is also quite apparent from the petition, as well as from the chattel mortgage from Carrothers to the plaintiff (a copy of which is attached to the petition as an exhibit), that said mortgage was given by Carrothers with an express reservation of the right of McMurtry to a superior lien upon the same property and shares of stock to the extent and amount of $1,300 as of that date, and that the plaintiff parted with his property and received his security for payment with full knowledge of, and assent to, such reservation and preference.

Leaving out all consideration of the plaintiff's admissions in the petition, I conclude that the equities of the case are with the defendant, and the mere question of the priority of liens cannot control its decision. The judgment of the district court is

AFFIRMED.

THE other judges concur.